UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MCDOUGLASS GROUP, INC, et al.,<br><br>          Defendants. | Case No. 15-cv-03123-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE THIRD, FOURTH, AND SIXTH CAUSES OF ACTION WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

On September 24, 2015, Defendants McDouglass Group (dba AMAC Construction & Restoration, hereinafter "AMAC"), Tyler Douglass, and Andy McCullough filed a motion to dismiss Plaintiffs' third, fourth, and sixth causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot., Dkt No. 10.)

Upon review of the moving papers, the Court deems this matter suitable for disposition without oral argument pursuant to Civil L.R. 7-1(b), and, for the reasons set forth below, GRANTS Defendants' motion to dismiss with leave to amend.

## I.   BACKGROUND

Plaintiffs Federal Insurance Company and Travelers Property Casualty Company of America are both insurance companies. (Compl., Dkt. No. 1 at ¶¶1-2.) Plaintiffs issued an insurance policy to Golden Rain Foundation of Walnut Creek by which Plaintiffs agreed to insure against loss or damage to a multi-unit residential complex owned by Golden Rain located in Walnut Creek, California (the "Building"). (Compl. ¶¶ 3, 11.) Second Walnut Creek Mutual was named as an additional insured. *Id.*

On or about July 22, 2011, a fire caused substantial damage to the residential complex, and the damage was so extensive that the building had to be nearly completely reconstructed. (Compl.

¶ 12.) On September 12, 2011, Golden Rain Foundation of Walnut Creek and Second Walnut Creek Mutual (collectively, "Golden Rain") entered into a written contract with AMAC, a contractor, to repair and rebuild the Building. (Compl. ¶¶ 12-14.)

The contract called for AMAC to be compensated on a time and material basis, including ten percent overhead and ten percent profit. (Compl. ¶¶ 16, 22.) The building construction was completed two years after the contract was executed, with Golden Rain ultimately paying AMAC a total of $4,289,844.92 based on the invoices it received for the work performed. (Compl. ¶ 19.) Golden Rain paid the invoices without knowing that the charges reflected therein were not billed according to the terms of the contract. *Id.* Golden Rain filed an insurance claim, and Plaintiffs reimbursed it for the costs paid in connection with the building construction. (Compl. ¶ 20.)

Thereafter, Plaintiffs performed a claims investigation, and met with AMAC's employees to discuss the scope of work, and the charges incurred in connection with the construction. (Compl. ¶ 21.) An audit of AMAC's charges, however, revealed that AMAC charged Golden Rain significantly more than the time and materials the contract allowed. (Compl. ¶ 23.) The total amount of overcharges is believed to be at least $1,476,048.60. (Compl. ¶ 29.) Plaintiffs contend that Golden Rain did not execute any change orders that would have permitted a change to the billing requirements. (Compl. ¶ 30.)

On July 6, 2015, Plaintiffs filed a lawsuit alleging that their insured was overcharged by Defendants McDouglass Group, Inc. (dba AMAC), Tyler Douglass, and Andy McCullough. The complaint asserts the following seven causes of action: (1) Breach of Contract, (2) Common Counts, (3) Intentional Misrepresentation, (4) Fraudulent Concealment, (5) Unfair Business Practices, (6) Negligent Misrepresentation, and (7) Violation of Business and Professions Code Section 7160. Plaintiffs assert each of these claims as the purported assignees of Golden Rain's rights. (Compl. ¶ 31.)

On September 24, 2015, Defendants filed a motion to dismiss the third, fourth, and sixth causes of action. (Defs.' Mot., Dkt. No. 10.) On October 8, 2015, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 28.) On October 15, 2015, Defendants filed a reply. (Defs.' Reply, Dkt. No. 29.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

omitted).

## III. DISCUSSION

### A. Fraud Claims

The third and fourth causes of action are for intentional misrepresentation and fraudulent concealment. Fraud claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

Here, Plaintiffs do not describe any intentionally false statements made by Defendants. Rather, Plaintiffs vaguely allege that Defendants represented to Plaintiffs and Golden Rain that the charges would be based on approved estimates and incurred costs, but instead invoiced charges in excess of those amounts, and made those statements knowing that they were false. (Compl. ¶¶ 45-47, 54-55.) Plaintiffs do not identify who made the misrepresentations or when they were made. (Defs.' Mot. at 3.) In fact, Plaintiffs only allege that AMAC's officers, including Douglass and McCullough, represented that they would invoice on a time and materials basis, which they knew to be false. (Compl. ¶¶ 45-47.)

In opposition, Plaintiffs contend that the fraud allegations are sufficiently pled, because Defendants are on notice of the allegations, know who was involved in the formation of the contract, who submitted the invoices, and who attended the meeting on September 28, 2011. (Pls.' Opp'n at 9-10.) To the contrary, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting H*askin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted)). Thus, in a fraud suit involving multiple defendants, a plaintiff must

4

"identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Thus, Plaintiffs have failed to differentiate between the individual defendants. For example, the September 28, 2011 meeting—held after the contract was executed—was attended by unknown individuals from Federal, Travelers, and AMAC. (Compl. ¶ 22.) During that meeting, someone from AMAC allegedly made some misrepresentations. *Id.* This is insufficient. Plaintiffs must identify who attended the meeting, who of the named defendants made the misrepresentations, and the specific content of the misrepresentations.

Furthermore, Plaintiffs contend that Defendants generally made further misrepresentations throughout the reconstruction period relating to the costs incurred, without specifying any content, who made the statements, or when they were made. (Defs.' Reply at 5; Compl. ¶¶ 46, 73.) These allegations are also insufficient to plead fraud.

Moreover, Plaintiffs do not allege when the fraud was first discovered. California has a three year statute of limitations. Cal. Civ. Proc. Code § 338(d). The contract was signed in 2011, so Plaintiffs must allege when the fraud was discovered.

Accordingly, Plaintiffs may amend the third and fourth causes of action to plead fraud with particularity, including the specific content of the alleged statements, which defendant made the particular statement, when they were made, and when the fraud was discovered. If Plaintiffs are unable to plead fraud with particularity, they should not amend.

### B. Negligent Misrepresentation

The sixth cause of action is for negligent misrepresentation. While the elements are virtually identical to fraud, negligent misrepresentation does not require intent to deceive. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1055 (9th Cir. 2008). "Therefore, where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." *Id.* (quoting *Intrieri v. Superior Court*, 117 Cal. App. 4th 72, 86 (2004)). Here, Plaintiffs allege that even if the representations made were believed to be true at the time, they were made without reasonable grounds. (Pls.' Opp'n at 8.) While perhaps true, as pled, the cause of action suffers

from the same deficiencies as the fraud claims.

Accordingly, Plaintiffs are granted leave to amend to plead additional facts, including which individual or individuals made the alleged misrepresentations, the specific content of those statements, and when the statements were made.

### C. Economic loss rule

While Plaintiffs are granted leave to amend, as set forth above, the Court notes that the economic loss rule may ultimately preclude recovery under both fraud and breach of contract theories. The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004). An exception exists when the duty that gives rise to the tort liability is independent of the contract or arises from conduct that is both intentional and intended to harm. *Id.* at 989-90 (citations omitted). Tort damages have been permitted in contract cases where a breach of duty directly causes physical injury, wrongful discharge, or where the contract was wrongfully induced. *Erlich v. Menezes*, 21 Cal. 4th 543, 551-52 (1999). Notwithstanding, as currently pled, this action appears to concern purely economic damages resulting from a breach of contract. If this is accurate, and Plaintiffs cannot in good faith allege fraud and negligent misrepresentation, they should not amend the third, fourth, and sixth causes of action.

## IV. CONCLUSION

In light of the foregoing, Defendants motion to dismiss the third, fourth, and sixth causes of action is GRANTED with leave to amend. Plaintiffs may file an amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated: November 17, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge